FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1/14/2026
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ADRIAN DEBREY,

    Plaintiff,

v.

MVML, INC.,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Adrian deBrey ("Plaintiff" or "Mr. deBrey") submits this Complaint and Jury Demand against Defendant MVML, Inc. ("Defendant" or "MVML") as follows:

**INTRODUCTION**

1. In this employment action, Plaintiff brings claims against his former employer, Defendant, for (1) unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII"); (2) unlawful retaliation in violation of Title VII; (3) unlawful harassment in violation of Title VII; (4) unlawful discrimination in violation of the Colorado Anti-discrimination Act, C.R.S. § 24-34-402 ("CADA"); (5) unlawful retaliation in violation of CADA; and (6) unlawful harassment in violation of CADA.

2. Defendants subjected Plaintiff to a hostile work environment, retaliated against him for engaging in protected activity, and ultimately terminated his employment under pretextual circumstances shortly after he complained of discrimination. Plaintiff seeks damages and equitable relief arising out of Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff on the basis of sex, gender identity, and transgender status.

1

**PARTIES**

3. At all relevant times, Plaintiff Adrian deBrey resided in Colorado during the events described in this Complaint and Jury Demand.

4. Throughout his employment with Defendant, Plaintiff was among the class of persons protected against unlawful discrimination and retaliation under Title VII and CADA.

5. Defendant MVML, Inc. is a California corporation with its principal office located at 300 Spectrum Center Drive, Ste. 200, Irvine, CA 92618.

6. At all relevant times, Plaintiff conducted all work for Defendant within the State of Colorado.

7. At all relevant times, Defendant was an "employer" within the meaning of Title VII and CADA.

**JURISDICTION AND VENUE**

8. Plaintiff incorporates by reference all allegations set forth above.

9. Defendant purposefully availed itself of the privilege of conducting business in the State of Colorado and within the United States District for the District of Colorado. This Complaint arises out of the Defendant's contacts with Colorado.

10. Defendant employed Plaintiff to conduct business entirely within the State of Colorado and the United States District for the District of Colorado.

11. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of Colorado because the actions that give rise to the claims below occurred in this District.

12. This action is brought under the federal Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

13. Plaintiff incorporates by reference all allegations set forth above.

14. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Charge No. 32A-2025-00469, and the Colorado Civil Rights Division (the "CCRD"), Charge. No. E2500028834.

15. On October 16, 2025, Plaintiff received a Notice of Right to Sue from the CCRD.

16. On December 18, 2025, Plaintiff received a Notice of Right to Sue from the EEOC.

17. Plaintiff has satisfied all administrative prerequisites to filing this action.

## GENERAL ALLEGATIONS

18. Plaintiff incorporates by reference all allegations set forth above.

*Background Information Regarding Defendant*

19. At all relevant times, Defendant MVML, Inc. was a California corporation located at 300 Spectrum Center Drive, Ste. 200, Irvine, CA 92618.

20. At all relevant times, Defendant's Chief Executive Officer was Matthew Collins.

21. At all relevant times, Defendant's Chief Operating Officer was Michael Thayer.

22. At all relevant times, Defendant was a full-service laboratory offering a comprehensive range of testing services.

23. At all relevant times, Medlab2020, Inc. ("Medlab2020) was a California corporation located at 300 Spectrum Center Drive, Ste. 200, Irvine. CA 92618.

24. At all relevant times, Medlab2020's Chief Executive Officer was Matthew Collins.

25. At all relevant times, Medlab2020's Chief Operating Officer was Michael Thayer.

26. At all relevant times, Medlab2020 was a full-service laboratory offering a comprehensive range of testing services.

3

27. At all relevant times, Defendant and Medlab2020 were operating out of the same office.

28. At all relevant times, Defendant and Medlab2020 were managed by the same executives.

29. At all relevant times, Defendant and Medlab2020 conducted the same or similar business activities and offered the same or similar services.

30. At all relevant times, Defendant and Medlab2020 shared employees and resources.

*Plaintiff's Employment with Medlab2020*

31. In or around July 2021, Medlab2020 hired Plaintiff as a full-time employee.

32. During his employment with Medlab2020, Plaintiff worked within Medlab2020's Human Resources Department.

33. In September 2022, Medlab2020 terminated Plaintiff's direct supervisor.

34. In September 2022, Medlab2020's Chief Executive Officer, Matthew Collins ("Mr. Collins") promoted Plaintiff to oversee Medlab2020's Human Resources Department.

35. In or around February 2022, I learned that a transgender employee raised concerns about Medlab2020's Chief Operating Officer, Michael Thayer ("Mr. Thayer"), expressing transphobic beliefs.

36. In or around December 2022, Mr. Thayer rejected a highly qualified recruiter, who was openly gay, from working with Plaintiff on his team.

37. In or around January 2023, Mr. Thayer invited Plaintiff to Mr. Thayer's home to eat dinner with Mr. Thayer and Mr. Thayer's wife.

38. During the dinner at Mr. Thayer's home, Plaintiff disclosed his transgender identity to Mr. Thayer and Mr. Thayer's wife.

39. Mr. Thayer's immediate response was astonishment and disgust.

4

40. Mr. Thayer's wife expressed strong opposition to transitioning and called hormone blockers for transgender youth "child abuse."

41. In or around February 2023, weeks after Plaintiff's dinner at Mr. Thayer's home, Plaintiff experienced a negative shift in his workplace treatment and conditions.

42. For example, Plaintiff was treated antagonistically by Mr. Thayer and given short deadlines for large amounts of work.

43. In or around March 2023, Mr. Thayer's assistant told Plaintiff that gender-neutral restrooms were "ridiculous" and "unsafe."

44. In April 2023, Plaintiff informed Medlab2020's Human Resources Team Leader, Nicole Forbes ("Ms. Forbes") that Plaintiff believed he was being discriminated against because of his transgender status.

45. Shortly thereafter, between April 2023 and July 2023, Plaintiff took a medical leave of absence.

46. During Plaintiff's medical leave of absence, Plaintiff's job title and responsibilities were inconsistently communicated and Plaintiff's bonus was rescinded.

47. In July 2023, Plaintiff returned to work at Medlab2020 from his medical leave of absence.

48. Upon his return to work in July 2023, Medlab2020 stripped Plaintiff of his prior responsibilities and did not restore Plaintiff's access to critical systems or direct reports.

49. In the fall of 2023, a member of Medlab2020's Human Resources Department told me that Mr. Thayer and Ms. Forbes were on a "witch hunt" to get me terminated.

### Plaintiff's Employment with Defendant

50. In or around January 2024, I received and signed a letter that notified me of a restructuring of my position.

51. The January 2024 restructuring changed my job title to Compliance Manager.

5

52. The January 2024 restructuring also changed my employer from Medlab2020 to Defendant MVML, Inc.

53. In the weeks following, Plaintiff negotiated his employment contract with Defendant with Mr. Collins.

54. During Plaintiff's negotiations with Mr. Collins, Plaintiff again complained of the previous and ongoing discrimination by Mr. Thayer.

55. In response, Mr. Collins acknowledged Mr. Thayer's beliefs but told Plaintiff it was "okay" for Mr. Thayer to have such beliefs.

56. Within the next six weeks, Defendant did not provide a working computer to Plaintiff despite Plaintiff's repeated requests.

57. Within the next six weeks, a person or persons within Medlab2020 or MVML disclosed Plaintiff's transgender status to several other Medlab2020 and MVML employees.

*Plaintiff Filed a Formal Complaint of Discrimination*

58. In March 2024, Plaintiff submitted a complaint regarding LGBTQ+ discrimination in the workplace to MVML's Compliance Director, Kristine Azarraga ("Ms. Azarraga").

59. Ms. Azarraga never followed up with Plaintiff regarding his discrimination complaint.

60. During this time, Plaintiff's partner, Nicole LeVasseur ("Ms. LeVasseur"), was also employed by Defendant.

61. Ms. LeVasseur spoke to Ms. Azarraga about Plaintiff's discrimination complaint.

62. Despite Plaintiff's complaint and Ms. LeVasseur's conversation with Ms. Azzaraga, Defendant did not take any action(s) in response to Plaintiff's complaint.

63. From March 2024 until June 2024, Mr. Collins was stopped responding to Plaintiff's requests and communications, and Mr. Collins regularly dismissed Plaintiff.

6

*Defendant Terminated Plaintiff's Employment*

64. On or about June 5, 2024, Defendant notified Plaintiff that he was being laid off.

65. Defendant alleged that Plaintiff's termination was due to a "COVID-19 branch closure."

66. However, Plaintiff never worked for the branch that was being closed by Defendant.

67. Plaintiff's position was not connected to the branch being closed by Defendant.

68. Plaintiff's position was not connected to COVID-19 testing.

69. Because Plaintiff's position was within the Human Resources Department, his job duties and responsibilities were not affected by branch closures or a reduction in COVID-19 testing.

70. Throughout his employment with Medlab2020 and Defendant, Plaintiff performed his job duties satisfactorily.

71. In June 2025, Defendant also terminated Plaintiff's partner, Ms. LeVasseur.

72. Additionally, many of the other employees who were "laid off" by Defendant in June 2025 were individuals who openly supported Plaintiff and Plaintiff's opposition to workplace discrimination.

**FIRST CLAIM OF RELIEF**
**Discrimination in Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. 2000e, et seq.**

73. Plaintiff incorporates by reference all allegations set forth above.

74. Throughout his employment with Defendant, Plaintiff was a member of a protected class.

75. Throughout his employment with Defendant, Plaintiff performed his job duties satisfactorily at all times.

76. In January 2023, Plaintiff disclosed his transgender status to Defendant's Chief Operating Officer, Mr. Thayer.

7

77. Between January 2023 and June 2024, Defendant's employees disclosed Plaintiff's transgender status to other employees without Plaintiff's knowledge or consent.

78. Between January 2023 and June 2024, Defendant repeatedly treated Plaintiff in a negative and disparate manner.

79. Defendant's mistreatment and disparate treatment of Plaintiff was based on Plaintiff's sex, gender identity, and transgender status.

80. Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other damages and expenses.

<strong><u>SECOND CLAIM OF RELIEF</u></strong><br><strong>Retaliation in Violation of Title VII of the Civil Rights Act of 1964</strong><br><strong>42 U.S.C. 2000e, et seq.</strong>

81. Plaintiff incorporates by reference all allegations set forth above.

82. In January 2024, Plaintiff engaged in protected activity when he complained of discrimination to Defendant's Chief Executive Officer, Mr. Collins.

83. In March 2024, Plaintiff again engaged in protected activity when he submitted a formal complaint of discrimination to Defendant's Compliance Director, Ms. Azarraga.

84. Defendant knew that Plaintiff had engaged in protected activity under Title VII by complaining of sex and gender discrimination.

85. In retaliation for Plaintiff's exercise of his federally protected right to make a good-faith complaint of sex and gender discrimination, Defendant terminated Plaintiff's employment in June 2024.

86. Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other damages and expenses.

**THIRD CLAIM OF RELIEF**
**Harassment in Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. 2000e, et seq.**

87. Plaintiff incorporates by reference all allegations set forth above.

88. Throughout his employment with Defendant, Plaintiff was a member of a protected class.

89. Throughout his employment with Defendant, Plaintiff performed his job duties satisfactorily at all times.

90. In January 2023, Plaintiff disclosed his transgender status to Defendant's Chief Operating Officer, Mr. Thayer.

91. Between January 2023 and June 2024, Defendant's employees disclosed Plaintiff's transgender status to other employees without Plaintiff's knowledge or consent.

92. Between January 2023 and June 2024, Defendant repeatedly treated Plaintiff in a negative and harassing manner.

93. Defendant's harassment of Plaintiff was based on Plaintiff's sex, gender identity, and transgender status.

94. Defendant's harassment was severe and/or pervasive.

95. Defendant's harassment created an abusive working environment for Plaintiff.

96. In January 2024, Plaintiff complained of unlawful conduct to Defendant's Chief Executive Officer, Mr. Collins.

97. In March 2024, Plaintiff submitted a formal complaint of unlawful conduct by Defendant based on Plaintiff's sex, gender identity, and transgender status.

98. Defendant did not take any remedial action to address Plaintiff's complaint.

99. Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other damages and expenses.

## FOURTH CLAIM OF RELIEF
**Discrimination in Violation of the Colorado Anti-discrimination Act**
**C.R.S. § 24-34-402**

100. Plaintiff incorporates by reference all allegations set forth above.

101. Throughout his employment with Defendant, Plaintiff was a member of a protected class.

102. Throughout his employment with Defendant, Plaintiff performed his job duties satisfactorily at all times.

103. In January 2023, Plaintiff disclosed his transgender status to Defendant's Chief Operating Officer, Mr. Thayer.

104. Between January 2023 and June 2024, Defendant's employees disclosed Plaintiff's transgender status to other employees without Plaintiff's knowledge or consent.

105. Between January 2023 and June 2024, Defendant repeatedly treated Plaintiff in a negative and disparate manner.

106. Defendant's mistreatment and disparate treatment of Plaintiff was based on Plaintiff's sex, gender identity, and transgender status.

107. Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality

10

of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other damages and expenses.

### FIFTH CLAIM OF RELIEF
### Retaliation in Violation of the Colorado Anti-discrimination Act
### C.R.S. § 24-34-402

108. Plaintiff incorporates by reference all allegations set forth above.

109. In January 2024, Plaintiff engaged in protected activity when he complained of discrimination to Defendant's Chief Executive Officer, Mr. Collins.

110. In March 2024, Plaintiff again engaged in protected activity when he submitted a formal complaint of discrimination to Defendant's Compliance Director, Ms. Azarraga.

111. Defendant knew that Plaintiff had engaged in protected activity under CADA by complaining of sex and gender discrimination.

112. In retaliation for Plaintiff's exercise of his federally protected right to make a good-faith complaint of sex and gender discrimination, Defendant terminated Plaintiff's employment in June 2024.

113. Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other damages and expenses.

### SIXTH CLAIM OF RELIEF
### Harassment in Violation of the Colorado Anti-discrimination Act
### C.R.S. § 24-34-402

114. Plaintiff incorporates by reference all allegations set forth above.

115. Throughout his employment with Defendant, Plaintiff was a member of a protected class.

116. Throughout his employment with Defendant, Plaintiff performed his job duties satisfactorily at all times.

117. In January 2023, Plaintiff disclosed his transgender status to Defendant's Chief Operating Officer, Mr. Thayer.

118. Between January 2023 and June 2024, Defendant's employees disclosed Plaintiff's transgender status to other employees without Plaintiff's knowledge or consent.

119. Between January 2023 and June 2024, Defendant repeatedly treated Plaintiff in a negative and harassing manner.

120. Defendant's harassment of Plaintiff was based on Plaintiff's sex, gender identity, and transgender status.

121. Defendant's harassment was subjectively offensive to Plaintiff and is objectively offensive to a reasonable individual who is a member of the same protected class(es).

122. Defendant's harassment created an abusive working environment for Plaintiff.

123. In January 2024, Plaintiff complained of unlawful conduct to Defendant's Chief Executive Officer, Mr. Collins.

124. In March 2024, Plaintiff submitted a formal complaint of unlawful conduct by Defendant based on Plaintiff's sex, gender identity, and transgender status.

125. Defendant did not take any remedial action to address Plaintiff's complaint.

126. Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other damages and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

1. That this Court assume jurisdiction over all claims;

2. That this Court enter judgment in Plaintiff's favor on all claims and against Defendant;

3. That this Court declare the actions of Defendant described in this Complaint and Jury Demand to be in violation of Title VII of the Civil Rights Act of 1964;

4. That this Court declare the actions of Defendant described in this Complaint and Jury Demand to be in violation of the Colorado Anti-Discrimination Act;

5. That this Court award Plaintiff economic damages, including, but not limited to, any and all lost income back pay, and front pay in lieu of reinstatement, in an amount to be determined at trial;

6. That this Court grant compensatory and consequential damages against Defendant, including but not limited to damages for emotional distress, humiliation, embarrassment, loss of income and enjoyment of life, and other pain and suffering on all claims in an amount to be determined at trial against the Defendant, as allowed by law;

7. That this Court award Plaintiff his attorney fees and costs of this action, including expert witness fees, on all claims allowed by law;

8. That this Court award pre-judgment and post-judgment interest at the highest lawful rate; and

9. That this Court award such additional or alternative relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 14th day of January 2026.

/s/ [signature]

Adrian deBrey
336 Sanders Circle
Erie CO 80516
(949) 527-1168
a.debrey81@gmail.com
*Plaintiff, pro se*

14